UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| E & G, INC., individually and as the representative of a class of similarly-situated persons, | C/A No. 6:17-CV-00318-DCC |
| Plaintiff, | **ORDER FOR FILING SUPPORTING EXHIBIT UNDER SEAL** |
| -vs- | |
| MOUNT VERNON MILLS, INC. and JOHN DOES 1-5, | |
| Defendants. | |

This matter is before the Court on Defendant Mount Vernon Mills, Inc.'s ("Defendant") Consent Motion to File Supporting Exhibit under Seal (ECF No. 48). For the reasons set forth in this Order, Defendant's Consent Motion is granted and Defendant is permitted to file the Supporting Exhibit under Seal.

**BACKGROUND**

Plaintiff E&G, Inc. filed a Complaint against Defendant on February 2, 2017. ECF No. 1. Thereafter, the Court entered its Joint Amended Scheduling Order on June 1, 2017 (ECF 38), thereby bifurcating discovery, and setting a deadline for Defendant to file a Motion for Summary Judgment.[1] Due to the parties' concerns about the confidential nature of certain documents at issue, the parties requested, and the Court entered, a Confidentiality Order filed June 1, 2017 (ECF 37, the "Confidentiality Order"). The Confidentiality Order directs the parties to file a Motion, such as this Motion, pursuant to Local Civil Rule 5.03 (D.S.C.) if a confidential document must

---

[1] The deadline for filing a Motion for Summary Judgment has been moved twice pursuant to the Second Consent Amended Scheduling Order (ECF 42) and Third Consent Amended Scheduling Order (ECF 46).

be filed.

Defendant has now filed a Consent Motion to File Supporting Exhibit under Seal and has submitted the exhibit for the Court's *in camera* review. The exhibit is a Worldwide Sourcing Agreement dated March 1, 2014 (the "Sourcing Agreement") by and between Worldwide Sourcing Solutions, Inc. ("WSSI") and Mount Vernon Mills, Inc.

The Sourcing Agreement contains sensitive commercial information pertaining to Wyndham Hotel Group's franchising system and sourcing program.

## **LEGAL STANDARD**

In *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000), the Fourth Circuit recognized that a U.S. District Court has "supervisory power over its own records and may, in its discretion, seal documents if the public's right or access is outweighed by competing interests." *See also In re Knight Publishing*, 743 F.2d 231, 234 (4th Cir. 1984). There is a presumption in favor of public access to court records. *Ashcraft*, 218 F.3d at 302. A U.S. District Court, however, has discretion to seal court records if: (1) it gives public notice of the request to seal so as to allow interested parties a reasonable opportunity to object; (2) it considers less drastic alternatives to sealing the documents; and (3) it provides specific reasons and factual findings supporting its decision to seal the documents and for rejecting alternatives. *Id.*

## **CONCLUSIONS OF LAW**

Turning to the instant action, the Court finds that it is appropriate to seal the documents at issue based on these three criteria.

Regarding the first criteria, Local Civil Rule 5.03(D) (D.S.C.) provides that the docketing of a motion to seal in a manner that discloses its nature constitutes public notice of the motion.

Regarding the second criteria, due to the intertwining nature of the provisions of the Sourcing Agreement, it would be difficult to adequately redact all the potentially sensitive information while retaining the necessary context of the provisions. The Sourcing Agreement contains sensitive commercial information regarding Wyndham's franchising system and sourcing program. Therefore, there are no less drastic alternatives other than sealing the document.

Regarding the third criteria, the Sourcing Agreement concerns matters that might give an advantage to Wyndham's competitors if made to be publically available knowledge. Therefore, the public's right to obtain this information is outweighed by the competing interest of Wyndham in keeping its commercial secrets safe.

Accordingly, in accordance with Local Civil Rule 5.03 (D.S.C.), the Court orders that the Memorandum and Exhibits may be filed with the Court under seal.

## **CONCLUSION**

For the reasons set forth above, Defendant's Consent Motion to File Supporting Exhibit under Seal is hereby granted. Defendant may file the Sourcing Agreement under seal.

IT IS SO ORDERED.

s/Donald C. Coggins, Jr.<br>United States District Judge

December 18, 2017
Spartanburg, South Carolina